attend the trial if he received money, that thereafter $20 was sent to him, whereupon he came from Saranac Lake to the borough of Brooklyn, that he attended the meeting in Primrose's office, and that he told Primrose he "had had such an accident." But the defendant read an affidavit from Dunn of later date that he had told the investigator that he remembered "an occurrence on some afternoon in the summer of the year 1913," on "Coney Island avenue and some street north of King's Highway," but that the time was between 3 and 4 p. m., when the car was south-bound; that he never had any such accident when the car was north-bound, and that he so informed Mr. MacReynolds (the plaintiff's husband?) when he made the former affidavit, but that Mr. MacReynolds failed to insert such statement. I think that there is neither fraud nor imposition attributable to the defendant. The "accident" was marked by no facts that could distinguish it as peculiar. So far as its features are concerned, it might be one of not infrequent occurrence, and there were no apparent injuries to the participants. Indeed, this very plaintiff testifies that she had "almost" had a similar experience. I can see no fraud worked by the defendant, especially in view of the testimony elicited by the plaintiff from her own witness Primrose, as heretofore pointed out.

I advise that the order be reversed, with costs, and the verdict be reinstated. All concur.

---

MacREYNOLDS v. CONEY ISLAND & B. R. CO.

(Supreme Court, Appellate Division, Second Department. November 12, 1915.)

Appeal from Special Term, Kings County.

Action by Scott MacReynolds against the Coney Island & Brooklyn Railroad Company. From an order setting aside the verdict and granting plaintiff new trial, defendant appeals. Order reversed, and verdict reinstated.

Argued before JENKS, P. J., and STAPLETON, MILLS, RICH, and PUTNAM, JJ.

PER CURIAM. Order reversed, with costs, and verdict unanimously reinstated, on authority of Frances MacReynolds v. Coney Island & Brooklyn Railroad Company, 155 N. Y. Supp. 655, decided herewith.

---

PEOPLE ex rel. NOBLE v. MITCHEL et al., Board of Estimate and Apportionment.

(Supreme Court, Appellate Division, Second Department. November 12, 1915.)

JUDGES ⬡22—COMPENSATION—SURROGATE—"JUDGE"—"JUDGE, INCLUDING EACH JUSTICE OF THE SUPREME COURT."

Under Judiciary Law (Consol. Laws, c. 30) § 26, providing that in the counties of Queens, etc., there shall be allowed to each judge, including each justice of the Supreme Court, for his services in drawing jurors, such compensation as the board of estimate of the city of New York shall deem proper, and in view of General Construction Law (Consol. Laws, c. 22) § 26, derived from Laws 1892, c. 677, § 6, declaring that the term "judge" includes every judicial officer authorized to preside over a court of record, such as the Surrogate's Court is, and section 110 declaring the chapter

⬡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes